NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TIMOTHY HECTOR SAMORA, *Appellant.*

No. 1 CA-CR 19-0641
FILED 10-13-2020

Appeal from the Superior Court in Maricopa County
No. CR2018-141541-001
The Honorable AnnieLaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Scott Boncoskey
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1 Timothy Hector Samora ("Appellant") was convicted of one count of burglary in the second degree, a class three non-dangerous repetitive felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1507. This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Appellant's counsel has advised this court that he has found no arguable question of law that is not frivolous and asks this court to review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). This court allowed Appellant the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2 We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1). Finding no reversible error, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶3 On August 23, 2018, a witness called 911 to report suspicious activity in an alley behind her home. She informed the 911 dispatcher that she witnessed an unknown individual jump over a fence in the alley and into her neighbor's backyard. The witness also reported there was a second individual, later identified as Appellant, who drove up in a truck and remained with the vehicle, such that his face was visible to the witness. After a short time, the witness saw the individual who jumped the fence pass a large television over the fence to Appellant, who loaded the

---

[1] We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

television into the bed of the truck. The pair then got in the truck and left, with Appellant driving the vehicle.

¶4            After receiving notification of the 911 call, a Phoenix police officer responded to the general area and located a truck matching the witness' description a few miles from where the incident had occurred, and conducted a traffic stop of the vehicle. During the stop, the officer observed a television in the bed of the truck and confirmed the identities of the two individuals as Appellant and Jeffrey Allen Falkner.

¶5            Shortly thereafter, police officers responded to the witness' home and asked that she accompany them to identify the potential suspects. The witness positively identified the apprehended vehicle as the one she had observed in the alley and identified the driver as Appellant and the passenger, Falkner, as the individual who jumped the fence.

¶6            Additional police officers responded to the address where the incident occurred and notified the fiancée of the homeowner that there had been a break-in at the property. The homeowner and his fiancée confirmed they did not know Appellant and that Appellant did not have permission to be on the property or to access the television. They also confirmed that, apart from the television, there were no other possessions in the house at the time of the incident and that the only noticeable damage was to a window in one of the bedrooms.

¶7            Appellant was arrested and later indicted for one count of burglary in the second degree. Appellant pled not guilty at his arraignment in September 2018. Between March 2019 and September 2019, Appellant's trial was continued several times due to the reappointment of counsel and scheduling conflicts, to which Appellant waived time. After a three-day trial in September 2019, a jury found Appellant guilty of burglary in the second degree.

¶8            During the sentencing proceedings on November 13, 2019, Appellant knowingly and voluntarily admitted to four prior felony convictions alleged by the state. The court found Appellant's prior felony convictions to be an aggravating factor and Appellant's remorse and admission to prior felony convictions to be mitigating factors. Appellant was sentenced to ten years imprisonment and received 397 days of presentence credit.

¶9            Appellant timely appealed, and this court has jurisdiction pursuant to A.R.S. § 13-4033.

## ANALYSIS

**¶10**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. The record reflects the proceedings were conducted in compliance with Appellant's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure. Appellant was represented by counsel at all stages of the proceedings and was present at all critical stages.

**¶11**        Appellant exercised his right to a trial by jury, which jury was properly composed of eight members and two alternates. *See* A.R.S. § 21-102(B). The record does not demonstrate the empanelment of any biased jurors. The court properly instructed the jury on the elements of the charge, the state's burden of proof, the presumption of innocence, and the need for a unanimous verdict. There was no evidence of jury tampering, juror misconduct, or deadlock.

**¶12**        The state presented sufficient evidence as to each element of the offense to allow the jury to convict Appellant. The jury returned a unanimous verdict, finding Appellant guilty, which was confirmed by juror polling.

**¶13**        The superior court identified the evidence and factors considered in reaching a sentencing determination and allowed Appellant to speak at the sentencing hearing. Appellant's sentence was within the legally permissible range.[2] *See* A.R.S. § 13-703(J).

**¶14**        After the filing of this decision, Appellant's counsel shall inform Appellant of the status of his appeal and of his future options. Counsel has no further obligations related to this appeal unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

[2]        Our review indicates Appellant should have only received 396 days of presentence incarceration credit and not 397 days; however, this error is in Appellant's favor and thus not subject to fundamental error review. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (explaining fundamental error is error that prejudices the defendant and goes to the foundation of the case, takes away a right essential to a defense, or is so egregious that the defendant cannot possibly have received a fair trial).

## CONCLUSION

¶15        We affirm Appellant's conviction and the resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED:    AA